# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-19-00105-CR

**Jackie Lett, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 33RD DISTRICT COURT OF BURNET COUNTY
### NO. 48548, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Jackie Lett of seventeen counts of second-degree felony sexual assault of a child committed against his stepdaughter. *See* Tex. Penal Code § 22.011(a)(2), (f). The jury assessed punishment at fifteen years in prison on each of Counts 1 and 17. *See id.* § 12.33(a). As to each of Counts 2 through 16, the jury assessed punishment at ten years in prison but recommended that the court suspend those assessed sentences and place Lett on community supervision. *See* Tex. Code Crim. Proc. art. 42A.055. After a motion by the State, the district court sentenced Lett to consecutive punishments specifying that "Count 1 will be served first, then Count 17, and then the following counts will run concurrently after the first two, after 1 and 17."

Lett contended on appeal that he was entitled to a reduction of the time-payment fee assessed against him because a portion of it is unconstitutional[1] and that the judgments in Counts 2 through 16 should be modified to reflect how the sentences would run. *Lett v. State*, No. 03-19-00105-CR, 2020 Tex. App. LEXIS 6393, at *1 (Tex. App.—Austin Aug. 13, 2020) (mem. op., not designated for publication), *vacated*, No. PD-0875-20, 2021 Tex. Crim. App. Unpub. LEXIS 362, at *1 (Tex. Crim. App. May 12, 2021). We affirmed Lett's convictions after modifying the judgments to reduce the time-payment fee and to reflect how the sentences would run consistent with the district court's pronouncement of punishment. *Id.* at *1-2, *6.

Subsequently, in *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021), the Court of Criminal Appeals ruled that the pendency of an appeal suspends the obligation to pay court costs and makes premature the assessment of time-payment fees against a defendant. The Court of Criminal Appeals has since vacated our judgment and remanded this cause based on its ruling in *Dulin*. *Lett*, 2021 Tex. Crim. App. Unpub. LEXIS 362, at *1-2. Following that precedent on remand, we will now modify Lett's judgment of conviction for Count 1 (the only judgment listing the $649.00 total court costs assessed) to strike the entirety of the $25.00 time-payment fees from that total, and affirm the judgment as modified. *See Dulin*, 620 S.W.3d at 133.

---

[1] The bill of costs in the record contains a $25.00 time-payment fee, itemized as three charges: $12.50, $2.50, and $10.00. Although Lett does not challenge the $2.50 charge, the pendency of his appeal suspended his obligation for any time-payment fees. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

## CONCLUSION

We modify Lett's judgment of conviction in Count 1 to strike the $25.00 time-payment fees in their entirety, *see id.*, from the $649.00 total court costs assessed and affirm the judgment as modified. As directed in *Dulin*, the time-payment fees are struck without prejudice to being assessed later if, more than 30 days after the issuance of the appellate mandate, Lett fails to completely pay any fine, court costs, or restitution that he owes. *See id.*

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Baker and Triana

Modified and, as Modified, Affirmed on Remand

Filed: August 3, 2021

Do Not Publish